**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-1383**

———————

CALVIN TYRONE NORTON,

            Plaintiff - Appellant,

      v.

JEFFREY ROSIER, in his individual capacity; CITY OF WHITEVILLE,

            Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:14-cv-00260-BO)

———————

Submitted:  November 24, 2015       Decided:  January 7, 2016

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Calvin Tyrone Norton, Appellant Pro Se.  Clay Allen Collier, CROSSLEY MCINTOSH COLLIER, Wilmington, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Tyrone Norton filed a 42 U.S.C. § 1983 (2012) action against Jeffrey Rosier, Chief of Police of Whiteville, North Carolina, and the City of Whiteville (collectively, "Defendants"). Norton alleged that Rosier violated his Fourth Amendment rights by conducting a traffic stop of his vehicle in South Carolina, without justification or lawful authorization as a certified police officer, and that the City of Whiteville had facilitated Rosier's actions. The district court granted Defendants' motion to dismiss, concluding that the alleged encounter with Rosier was so de minimis as to fail to constitute a constitutional violation; that Norton failed to allege an official policy, practice, or custom of Whiteville that would permit municipal liability under § 1983; and that it lacked jurisdiction over Norton's pendent state law claims.

On appeal, Norton challenges the dismissal of his § 1983 claim against Rosier and Whiteville.

As a threshold matter, we address the jurisdictional issues raised by Defendants in their informal brief, which rely on a prefiling injunction imposed against Norton in the North Carolina state courts. We review questions of law related to subject matter jurisdiction de novo. See Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 432 (4th Cir. 2014). We find no error in the district court's conclusion that neither the

2

Rooker-Feldman[1] doctrine nor the Full Faith and Credit Act, 28 U.S.C. § 1738 (2012), deprived the court of authority to decide Norton's claims. See Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (discussing Rooker-Feldman); Davani v. Va. Dep't of Transp., 434 F.3d 712, 718 (4th Cir. 2006) (same); Davenport v. N.C. Dep't of Transp., 3 F.3d 89, 92 (4th Cir. 1993) (discussing Full Faith and Credit Act).

Turning to the district court's Fed. R. Civ. P. 12(b)(6) determination, we review de novo the dismissal of a complaint for failure to state a claim, accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

The temporary detention of an individual during a traffic stop, even if only for a limited time or purpose, constitutes a Fourth Amendment seizure. Whren v. United States, 517 U.S. 806,

---

[1] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923).

809-10 (1996). Because a routine traffic stop is more like an investigative detention than a custodial arrest, we evaluate a traffic stop under the test set forth in Terry v. Ohio, 392 U.S. 1 (1968). United States v. Green, 740 F.3d 275, 279 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014). Under this inquiry, the officer's decision to stop the vehicle must be both "justified at its inception" and adequately "limited both in scope and duration." United States v. Digiovanni, 650 F.3d 498, 506-07 (4th Cir. 2011). A police officer is entitled to initiate a Terry stop only where it is "supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity." United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011) (internal quotation marks omitted).

In his complaint, Norton alleged that Rosier stopped him despite the fact that he was not speeding or violating any law at the time of the stop. Moreover, he alleged that Rosier did not charge him or warn him that he had violated a law. Accepting these allegations as true, as we must on a Rule 12(b)(6) motion, we conclude that Norton has alleged a violation of the Fourth Amendment. See Digiovanni, 650 F.3d at 506 (noting that a vehicle stop must be "justified at its inception" to satisfy the Fourth Amendment); id. (noting that stopping an automobile is reasonable under the Fourth Amendment if there is a reasonable suspicion that a traffic violation has occurred).

4

While we have reviewed the alternative arguments Defendants have proffered in support of the dismissal of Norton's Fourth Amendment claim, we find them unpersuasive. Thus, we conclude that the district court's dismissal of Norton's § 1983 claim against Rosier must be vacated.

We find no error, however, in the district court's conclusion that Norton failed to allege an official policy, practice, or custom sufficient to state a claim against the City of Whiteville. See Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). Additionally, we note that Norton's state law claims were dismissed solely due to the absence of a cognizable federal claim; as we reinstate the federal claim against Rosier, dismissal of the pendent state law claims on this basis cannot stand. In reinstating Norton's state law claims, we express no opinion as to the merits of these claims or the propriety of exercising supplemental jurisdiction over them, leaving that determination to the district court in the first instance.

Accordingly, we affirm the district court's judgment in part, insofar as it exercises subject matter jurisdiction over the action and dismisses Norton's § 1983 claim against the City of Whiteville; vacate the district court's judgment in part, insofar as it dismisses Norton's § 1983 claim against Rosier and his pendent state law claims; and remand for further

5

proceedings.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

---

[2] We have reviewed Norton's supplemental reply briefs but find no basis for imposing sanctions against Defendants or their counsel.